UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DOUGLAS H.,[1]

                  Plaintiff,

     v.

COMMISSIONER, Social Security
Administration,

                Defendant.

Case No. 3:21-cv-01559-CL

**OPINION AND ORDER**

**CLARKE**, United States Magistrate Judge:

     Plaintiff Douglas H. seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying his application for disability

insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has

jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties

have consented to allow a Magistrate Judge to enter final orders and judgment in this case in

accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 4. For the reasons

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-
governmental party or parties in this case.

provided below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation and payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in November 2019 with an alleged onset date of April 8, 2015. Tr. 181.[2] Plaintiff's applications were denied initially in May 2020, and again upon reconsideration in September 2020. Tr. 67–91. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 109, and a hearing was held in February 2021, Tr. 18. On April 27, 2021, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 36 years old on his alleged onset date. Tr. 28. He has a high school education and past relevant work as a construction worker, sales customer representative, and meat clerk. *Id.* Plaintiff alleges disability based on back injury, lumbar strain, L5 disc protrusion, non-union, and nerve pain. Tr. 209.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

---

[2] "Tr." citations are to the Administrative Record. ECF No. 12.

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.  Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.  The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is

not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v);
404.1560(c); 416.960(c). If the claimant cannot perform such work, he or
she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The

Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff last met the insured requirements of the Act on

June 30, 2015, and had not engaged in substantial gainful activity between his alleged onset date

and his last insured date. Tr. 20. At step two, the ALJ found that Plaintiff had the following

severe impairments: lumbar anterolisthesis at L5-S1 with a small disc herniation; L4-5 annular

tear with disc bulge. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or

combination thereof that met or medically equaled the severity of a listed impairment. Tr. 21.

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 CFR
> 404.1567(a) except he can occasionally climb ramps and stairs, but

never ropes, ladders or scaffolds; he can occasionally stoop,
crouch, crawl, and kneel; he should be able to change position
between sitting and standing in 20-30 minute intervals or as needed
at the work station; he should have no exposure to vibration or
workplace hazards; considering pain complaints he can do simple
routine tasks with a reasoning level of 1-2.

Tr. 21–22. At step four, the ALJ determined that Plaintiff was unable to perform any past

relevant work. Tr. 28. At step five, the ALJ found, in light of Plaintiff's age, education, work

experience, and RFC, a significant number of jobs existed in the national economy such that

Plaintiff could sustain employment despite his impairments. Tr. 29. The ALJ thus found Plaintiff

was not disabled within the meaning of the Act. Tr. 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means

'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v.*

*Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of

the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*,

400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this

Court must review the decision of the Appeals Council to determine whether that decision is

supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts remand is warranted for two reasons: (1) the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (2) the ALJ failed to obtain a reasonable explanation from the vocational expert ("VE") regarding a conflict

between the VE testimony and the DOT. Pl.'s Br. 2, ECF No. 13. The Court addresses each argument in turn.

## I.    Subjective Symptom Testimony

As mentioned, Plaintiff assigns error to the ALJ's evaluation of his subjective symptom testimony. Pl.'s Br. 4–10, ECF No. 13.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire

___

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at \*4.

At his hearing, Plaintiff testified that he had trouble concentrating due to pain. Tr. 43. Plaintiff testified that he has difficulty walking, sleeping, and driving. Tr. 44. Plaintiff explained that when he tries to walk, the pressure on his spine causes him pain. Tr. 50. Plaintiff testified that he spends eight hours a day lying down with his knees elevated to take pressure off his spine. Tr. 48–49. Plaintiff testified that he experiences shooting pain and numbness in his legs and feet. Tr. 49. Plaintiff explained that he only gets up for necessities so that he does not have to be in "agonizing pain all the time." Tr. 50. Plaintiff testified that, if he is not totally reclined, he feels pressure on his lower back that worsens his pain and cramping. Tr. 53. Plaintiff also testified that he struggles to get comfortable at night because he is "constantly cramping" and experiences fatigue due to lack of sleep. Tr. 52. Plaintiff testified that he can be in a car for ten minutes before he must get out of the car to stretch for another ten minutes. Tr. 52–53. Plaintiff estimated he was absent from work three days a week or more due to his pain. Tr. 57–58.

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The Commissioner asserts that the ALJ supplied three valid rationales that undermined Plaintiff's subjective complaints: (A) an inconsistency with the medical record;

(B) conservative treatment; and (C) an inconsistency with his activities of daily living. Def.'s Br. 4–9, ECF No. 15.

### A.    Medical Record

As noted, the Commissioner asserts that the ALJ properly discounted Plaintiff's allegations because they were inconsistent with the objective medical evidence. Def.'s Br. 6, ECF No. 15. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Moreover, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

Here, the ALJ's decision merely cites to evidence but fails to draw any causal connection between the evidence and Plaintiff's testimony. *Cf. Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (an ALJ must "link" the testimony she finds not credible to "to the particular parts of the record supporting her non-credibility determination"); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (an "ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints") (citation and quotations marks omitted). As such, the medical record was not a clear and convincing reason to reject Plaintiff's testimony.

## B.    Conservative Treatment

The Commissioner next asserts that the ALJ properly rejected Plaintiff's testimony based

on conservative treatment. Def.'s Br. 7, ECF No. 15 (citing Tr. 24). However, the ALJ did not

cite this as a reason in the ALJ's decision:

> In terms of treatment, during the relevant period, he attended
> chiropractic care (1F/2), used a TENS unit (3F/7), oxycodone
> (2F/1), attended physical therapy (3F/66), received acupuncture,
> used meloxicam (3F/78), tizanidine (3F/90), and prednisone
> (3F/142). He ultimately underwent a lumbar fusion after the date
> last insured. 4F/151.

Tr. 24. At no point did the ALJ suggest Plaintiff's course of treatment was conservative. This

Court cannot consider the Commissioner's *post hoc* rationalization here. *See, e.g., Burrell v.*

*Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (reviewing courts "are constrained to review the

reasons the ALJ asserts") (citation omitted); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219,

1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the

ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc*

rationalizations that attempt to intuit what the adjudicator may have been thinking."). As such,

this was not a clear and convincing reason to reject Plaintiff's testimony.

## C.    Activities of Daily Living

The Commissioner contends the ALJ properly rejected Plaintiff's testimony based upon

his activities of daily living. Def.'s Br. 18, ECF No. 21. Activities of daily living can form the

basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities

"contradict [a claimant's] testimony;" or (2) as evidence a claimant can work if the activities

"meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however,

need not be utterly incapacitated to receive disability benefits, and sporadic completion of

minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260

F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The Commissioner cites Plaintiff's ability to drive and read and asserts those activities conflict with Plaintiff's testimony. Def.'s Br. 19, ECF No. 21 (citing Tr. 26). The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Additionally, the ALJ failed to explain how Plaintiff's driving and reading conflicted with his testimony, concluding only that driving "does not support additional sitting or concentration limitations" and that reading "involves concentration and does not suggest greater limitations." Tr. 25. This statement is not sufficiently specific to permit this Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's testimony. *See Orteza*, 50 F.3d at 750. As such, this was not a clear and convincing reason to reject Plaintiff's testimony.

**II.    Step Five**

Plaintiff assigns error to the ALJ's step five finding. Pl.'s Br. 10–15, ECF No. 13. The Commissioner asserts the ALJ's decision was supported by substantial evidence. Def.'s Br. 9–14, ECF No. 15. An ALJ may rely on the testimony of a VE at step five. 20 C.F.R. §§ 404.1566, 416.966. However, an ALJ may rely on a VE's testimony only where such testimony is based on a hypothetical that "contain[s] all of the limitations that the ALJ found credible and supported by

substantial evidence in the record." *Bayliss*, 427 F.3d at 1217. Where an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the VE's testimony "has no evidentiary value." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Here, the Court need not resolve the parties' competing arguments. Given the ALJ's errors in discounting Plaintiff's subjective symptom testimony discussed above, the VE's opinion in the case lacks evidentiary value because it fails to account for all of Plaintiff's limitations. *Carmickle*, 533 F.3d at 1166; *see also Ghanim*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ's RFC determination is flawed where the ALJ improperly discounted medical evidence and therefore the reliance on the corresponding VE opinion was error). Accordingly, the ALJ's step five finding is not supported by substantial evidence.

**III.    Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further

proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in

fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are

"inconsistencies between the claimant's testimony and the medical evidence," or if the

Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that

evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808

F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations

omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above.

The ALJ failed to supply legally sufficient reasons for Plaintiff's subjective symptom testimony.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings

rather than for an immediate payment of benefits serves a useful purpose where "the record has

[not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler*

*v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and

citations omitted). The Court finds that the record here, which spans over 1,900 pages, has been

fully developed no material conflicts and ambiguities exist.

As to the third requisite, in crediting the discredited evidence as true, the ALJ would be

required to find Plaintiff disabled on remand. Plaintiff testified he was absent from work three

days a week or more due to his pain. Tr. 57–58. At the hearing, the VE testified that an

individual who misses two or more days per month could not sustain competitive employment.

Tr. 63–64. As such, on remand, the ALJ would be compelled to find Plaintiff disabled. *See*

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) (remanding for an immediate

payment of benefits after crediting improperly rejected evidence as true, combined with VE

testimony, established disability).

Lastly, considering the record as a whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021). As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## ORDER

For the reasons set forth above, the decision of the Commissioner is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED and DATED this _27_ day of January, 2023.

MARK D. CLARKE
United States Magistrate Judge